UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN WILLS,<br><br>               Plaintiff<br>vs.<br><br>MICROGENICS CORPORATION, ET AL.<br>             Defendants | Hon. Brian M. Cogan<br><br>CASE 1:20-cv-04432-BMC-VMS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THERMO FISHER SCIENTIFIC INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## TABLE OF CONTENTS

I. INTRODUCTION..........................................................................................................1
II. FACTUAL BACKGROUND........................................................................................1
III. ARGUMENT..................................................................................................................3
    A. The Complaint fails to plausibly allege a claim against TFSI. ...........................3
        1. The supply contract establishes that TFSI was not a party to Microgenics' bid to supply urinalysis products and services to DOCCS or the resulting contract and that it did not incur any rights or obligations under the contract. ...................................................................................................4
        2. Plaintiff has not plausibly alleged any basis for ignoring corporate separateness. ........................................................................8
IV. CONCLUSION ..............................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.W. Fiur Co. v. Ataka & Co.*,
    71 A.D.2d 370 (1979) ............................................................................................................. 8

*Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3, ex rel. HSBC Bank
    USA, Nat'l Ass'n*,
    5 F. Supp. 3d 543 (S.D.N.Y. 2014) ....................................................................................... 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2007) ............................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 3

*Citadel Equity Fund Ltd. v. Aquila, Inc.*,
    168 F. App'x 474 (2d Cir. 2006) ........................................................................................... 2

*Citibank, N.A. v. Jacobsen*,
    NO. 19-CV-959 (DAB)(JLC), 2020 WL 772497 (S.D.N.Y. Feb. 18, 2020) ........................... 5

*Concord Assocs., L.P. v. Entm't Props. Trust*,
    817 F.3d 46 (2d Cir. 2016) .................................................................................................... 3

*De Jesus v. Sears, Roebuck & Co.*,
    87 F.3d 65 (2d Cir. 1996) ...................................................................................................... 8

*Duval v. Midwest Auto City, Inc.*,
    425 F. Supp. 1381 (D. Neb. 1977) ......................................................................................... 7

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) .................................................................................... 4

*In re Natural Gas Commodity Litig.*,
    337 F. Supp. 2d 498 (S.D.N.Y. 2004) .................................................................................... 8

*Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*,
    655 F.3d 136 (2d Cir. 2011) .................................................................................................. 2

*Kashfi v. Phibro-Salomon, Inc.*,
    628 F. Supp. 727 (S.D.N.Y. 1986) ......................................................................................... 5

*Kohl's Dep't Stores, Inc. v. Rongrant Assocs., LLC*,
    No. 04-CV-4907 (NGG)(MDG), 2005 WL 1263613 (E.D.N.Y. May 27, 2005) ..................... 5

*Leeds v. Meltz*,
  85 F.3d 51 (2d Cir. 1996) .................................................................................................. 3

*Maki v. The Travelers Cos.*,
  145 A.D.3d 1228, 1230, 44 N.Y.S. 3d 220 (2016) ................................................................ 8

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
  507 F.3d 117 (2d Cir. 2007) ................................................................................................ 3

*Sabol v. Bayer Healthcare Pharm., Inc.*,
  439 F. Supp. 3d 131 (S.D.N.Y. 2020) ................................................................................. 8

*Spool v. World Child Int'l Adoption Agency*,
  520 F.3d 178 (2d Cir. 2008) ................................................................................................ 3

*SUS, Inc. v. St. Paul Travelers Grp.*,
  75 A.D.3d 740, 905 N.Y.S.2d 321 (2010) ............................................................................ 4

*U.S. Trust Co. of N.Y. v. Jenner*,
  168 F.3d 630 (2d Cir. 1999) ................................................................................................ 5

Defendant Thermo Fisher Scientific Inc. ("TFSI") submits this memorandum to set forth additional grounds for dismissing Plaintiff's Second Amended Complaint (the "Complaint"). TFSI also joins in Defendant Microgenics Corporation's arguments for dismissing the Complaint.

## I. INTRODUCTION

Plaintiff's claims arise from Microgenics' contract with the New York Department of Corrections and Community Supervision ("DOCCS") to supply urinalysis analyzers, immunoassays, and certain related services. TFSI is Microgenics' indirect corporate parent. TFSI was not a party to the contract between Microgenics and DOCCS. And the Complaint does not plausibly allege that TFSI undertook any responsibilities, or provided any goods or services, with respect to the contract. Nor does the Complaint allege—plausibly or otherwise—any basis for disregarding corporate separateness. Accordingly, and in addition to the reasons set forth in Microgenics' motion to dismiss, the Complaint fails to state a claim against TFSI, and TFSI is entitled to dismissal.

## II. FACTUAL BACKGROUND

TFSI is a Delaware corporation with its headquarters in Boston, Massachusetts. Compl. [ECF 25] ¶ 5. TFSI is the indirect corporate parent of Microgenics Corporation, which does business under the name "Thermo Fisher Scientific" and whose direct corporate parent is Thermo Fisher Scientific Germany BV & Co. KG. *See* Thermo Fisher Form 10-K, Ex. 21: Subsidiaries of the Registrant, https://www.sec.gov/Archives/edgar/data/97745/000009774520000009/tmo201910kex21.htm (last accessed Apr. 21, 2020) (identifying Microgenics' corporate parentage); Compl. ¶ 5 (alleging that TFSI is Microgenics' parent

corporation);[1] *id.* ¶¶ 5, 42 (noting that Microgenics does business under the name "Thermo Fisher Scientific"); Contract No. CC161458, Appendix H [Ex. 1[2]] (same).[3]

TFSI is not a party to Microgenics' contract with DOCCS for the supply of urinalysis analyzers, immunoassays, and related services. Compl. ¶ 4; *see* Contract No. CC161458 [Ex. 1] (stating that the agreement is between DOCCS and "Microgenics Corporation (hereinafter 'CONTRACTOR'), with its principal office located at 46500 Kato Road, Fremont, CA"). The contract expressly identifies the contractual parties as DOCCS and Microgenics, with no mention of TFSI as a co-contractor or co-party:

STATE OF NEW YORK AGREEMENT

| STATE AGENCY (Name & Address):<br>New York State Department of Corrections and Community Supervision<br>The Harriman State Campus<br>1220 Washington Avenue<br>Albany, New York 12226 | BUSINESS CODE:<br>DOC01<br><br>NYS COMPTROLLER'S NUMBER<br>CC161458<br><br>DEPARTMENT CODE:<br>3250226 |
|---|---|
| CONTRACTOR (Name & Address)<br>Microgenics Corporation<br>46500 Kato Road<br>Fremont CA 94538 | TYPE OF PROGRAM (S):<br>Urinalysis Analyzers for Correctional Facilities |
| FEDERAL TAX IDENTIFICATION NUMBER<br>680418167<br><br>NYS VENDOR ID NUMBER<br>1000009626 | INITIAL CONTRACT PERIOD<br>FROM: September 1, 2018<br>TO: August 31, 2023<br>FUNDING AMOUNT FOR INITIAL PERIOD NOT TO EXCEED<br>REDACTED |

Contract No. CC161458 [Ex. 1] at 1.

---

[1] The Court may take judicial notice of SEC filings and consider them in connection with a Rule 12 motion. *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 168 F. App'x 474, 476 (2d Cir. 2006).

[2] All exhibits are attached to the contemporaneously filed Declaration of Christopher R. Carton.

[3] The contract between DOCCS and Microgenics is integral to the Complaint, and the Court may consider it. *See, e.g., Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) ("Where . . . certain contracts are integral to the complaint, we [ ] consider those documents.").

2

Likewise, the signature page for the bid Microgenics submitted to secure the contract solely identifies Microgenics Corporation as the bidding company, while noting that Microgenics does business as "Thermo Fisher Scientific":

| Legal Business Name of Company Bidding: Microgenics Corporation | NYS Vendor Identification Number: (see NYS vendor file registration clause) 1000009526 |
|---|---|
| D/B/A – Doing Business As (if applicable): Thermo Fisher Scientific | Federal Tax Identification Number: (do not use Social Security Number) 68-0418167 |

| Street | City | State | Zip | County |
|---|---|---|---|---|
| 46500 Kato Road | Fremont | CA | 94538 | Alameda |

Contract No. CC161458 [Ex. 1], App. H.

## III. ARGUMENT

To withstand a motion to dismiss under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Concord Assocs., L.P. v. Entm't Props. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007)). Although courts "construe the pleadings liberally, 'bald assertions and conclusions of law will not suffice.'" *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). To meet muster, the "plaintiff's factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

### A. The Complaint fails to plausibly allege a claim against TFSI.

As pleaded, Plaintiff's claims arise out of Microgenics' contractual agreement to supply DOCCS with urinalysis analyzers, immunoassays, and related services. *See generally* Compl. ¶¶ 43–49, 72, 77–80, 119. Plaintiff acknowledges that Microgenics is the corporate entity that entered into the supply contract with DOCCS. Compl. ¶ 4. He also acknowledges that Microgenics and

3

TFSI are separate corporate entities, with the former being an (indirect) subsidiary of the latter. Compl. ¶ 5. And he further acknowledges that Microgenics does business under the name "Thermo Fisher Scientific." Compl. ¶¶ 5, 21. Nevertheless, Plaintiff lumps Microgenics and TFSI together throughout the Complaint, referring to them as the "Microgenics Defendants" and insisting they jointly entered into the supply contract with DOCCS. Compl. ¶¶ 5, 32, 43. The contract's plain terms contradict Plaintiff's conclusory allegations and entitle TFSI to dismissal.

      **1.**    **The supply contract establishes that TFSI was not a party to Microgenics' bid to supply urinalysis products and services to DOCCS or the resulting contract and that it did not incur any rights or obligations under the contract.**

Plaintiff baldly asserts that Microgenics and TFSI jointly bid for the supply contract with DOCCS and jointly entered into contract to supply urinalysis analyzers and related products and services to DOCCS. But even at the Rule 12 stage, the express terms of the contract—not Plaintiff's erroneous allegations about their terms—should control the analysis. *See, e.g. Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3, ex rel. HSBC Bank USA, Nat'l Ass'n*, 5 F. Supp. 3d 543, 551 (S.D.N.Y. 2014) (explaining that if "a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true" (internal quotations marks and citation omitted)); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405–06 (S.D.N.Y. 2001) (noting that a court need not accept allegations "contradicted either by . . . documents upon which [the] pleadings rely, or by facts of which the court may take judicial notice" (citation omitted)). And those express terms conclusively refute Plaintiff's contentions.

When, as in this case, there is a dispute as to whether a particular person or entity is a party to a contract, New York courts apply ordinary rules of contract interpretation. *See, SUS, Inc. v. St. Paul Travelers Grp.*, 75 A.D.3d 740, 742–43, 905 N.Y.S.2d 321 (2010) (applying contract-

interpretation rules to determine that contracting insurer's affiliated companies were not co-parties to the contract); *Kashfi v. Phibro-Salomon, Inc.*, 628 F. Supp. 727, 731–32 (S.D.N.Y. 1986) (applying contract-interpretation rules to conclude that parent corporation was not a party to the subsidiary's contract with the plaintiff). Under New York law, contract interpretation is a threshold question of law to be determined by the court and is "suitable for disposition on a motion to dismiss." *Citibank, N.A. v. Jacobsen*, NO. 19-CV-959 (DAB)(JLC), 2020 WL 772497, at *7 (S.D.N.Y. Feb. 18, 2020) (citation omitted); *accord Kohl's Dep't Stores, Inc. v. Rongrant Assocs., LLC*, No. 04-CV-4907 (NGG)(MDG), 2005 WL 1263613, at *1 (E.D.N.Y. May 27, 2005). And where, as here, contract terms are unambiguous, the court is "required to give effect to the contract as written.'" *U.S. Trust Co. of N.Y. v. Jenner*, 168 F.3d 630, 632 (2d Cir. 1999) (internal quotation marks and citation omitted).

Plaintiff's conclusory allegations that TFSI and Microgenics jointly bid for the DOCCS contract and jointly entered into a written agreement with DOCCS does not withstand even passing scrutiny. Microgenics' bid, which is incorporated into the resulting contract, includes a bid-signature page that identifies the "Legal Business Name of the Company Bidding" as "Microgenics Corporation." Contract No. CC161458 [Ex. 1], App. H. The bid signature page also acknowledges that Microgenics does business under the name "Thermo Fisher Scientific" (*not* Thermo Fisher Scientific Inc.) *Id.* The bid signature page notably does *not* mention TFSI, nor is TFSI mentioned anywhere in the bid.

Consistent with the bid, the integrated contract executed by Microgenics and DOCCS identifies the "Contractor" as "Microgenics Corporation." Contract No. CC161458 [Ex. 1] at 1. The contract prohibits subcontracting without approval from DOCCS. *Id.* at 2. It also provides that

5

Microgenics "shall, at all times during the AGREEMENT term remain responsible." *Id.* at 5. The lengthy contract runs approximately 150 pages, but it never mentions TFSI.

Nevertheless, in a transparent effort to plead around corporate separateness, and in sharp contradiction to the plain terms of the operative contract, Plaintiff groups Microgenics and TFSI together throughout the Complaint to suggest that TFSI somehow jointly undertook obligations with Microgenics under the supply agreement with DOCCS:

- "In September 2018, DOCCS entered into a five-year contract . . . with the Microgenics ***Defendants***";
- "The Contract required the Microgenics ***Defendants*** to conduct onsite training";
- "The Contract required the Microgenics ***Defendants*** to provide support and maintenance;
- "The Contract required the Microgenics ***Defendants***' employees to testify at disciplinary hearings."

Compl. ¶¶ 43–46 (emphasis added). Plaintiff does not, however, aver a single fact explaining how or why TFSI, as Microgenics' indirect parent company and a non-signatory to the contract with DOCCS, would have incurred any rights, obligations, responsibilities, or liabilities under the contract for which it did not bid and which it did not sign. *See* Compl. ¶ 48 (asserting that "Thermo Fisher Scientific" was "responsible for providing services under the Contract," but failing to allege any facts identifying responsibilities that TFSI supposedly incurred or explaining how or why TFSI incurred responsibilities). And the contract's plain language unequivocally refutes Plaintiff's bald allegation that TFSI was a party to the contract or assumed any duties thereunder.

Plaintiff seemingly implies that Microgenics's use of the name "Thermo Fisher Scientific" (sometimes shortened to "Thermo Scientific") somehow supports a conclusion that Microgenics'

contract with DOCCS bound TFSI as well. *See* Compl. ¶¶ 37–42. But in the context of both the bid and the broader contract, Thermo Fisher Scientific unambiguously refers to Microgenics, not to TFSI. As noted, the contract expressly states that Microgenics does business under the name "Thermo Fisher Scientific." Contract No. CC161458 [Ex. 1], App. H. And it is axiomatic that a doing-business-as designation refers, not to a different legal entity, but to a different name under which a single legal entity does business. *See, e.g., Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977) (explaining that "doing business as" is "merely descriptive of the person or corporation who does business under some other name" and does not create an entity distinct from the person or corporation operating the business). Thus, for the purposes of Microgenics' contract with DOCCS, Thermo Fisher Scientific necessarily refers to Microgenics, not to TFSI. Indeed, Plaintiff expressly acknowledges as much in the Complaint. Compl. ¶ 42

The conclusion that, within the four corners of the contract, the names Microgenics and Thermo Fisher Scientific refer to Microgenics is correct for an additional reason. When interpreting a contract, a court should avoid an interpretation that would render an express term meaningless. Yet by ignoring the identity of meaning created by the contract's doing-business-as acknowledgement, Plaintiff would strip Thermo Fisher Scientific of any meaning within the context of the contract. Plaintiff seemingly labors under the misapprehension that if Thermo Fisher Scientific does not refer to Microgenics, it necessarily refers to TFSI. In fact, however, there are dozens of legal entities in the Thermo Fisher Scientific family with the words "Thermo Fisher Scientific" in their legal names. *See* Thermo Fisher Form 10-K, Ex. 21: Subsidiaries of the Registrant, https://www.sec.gov/Archives/edgar/data/97745/000009774520000009/tmo201910kex21.htm (last accessed February 5, 2021). For example. Microgenics' direct parent company is nonparty Thermo Fisher Scientific BV & Co. KG, *id.*, and the entity that manufactures

the immunoassay used to screen Plaintiff for buprenorphine is nonparty Thermo Fisher Scientific Oy, *see* 510(k) Substantial Equivalence Determination Decision Summary, 510(k) Number k110035, https://www.accessdata.fda.gov/cdrh_docs/reviews/K110035.pdf [Ex. 2 to Carton TFSI Decl.] (last accessed February 5, 2021) (identifying Thermo Fisher Scientific Oy as the 510(k) applicant). Thus, by ignoring the contract's provisions establishing that Thermo Fisher Scientific refers to Microgenics, Plaintiff would render meaningless the contract's references to Thermo Fisher Scientific. Such an interpretation is improper and should be rejected.

Under the contract's plain language, TFSI was not a party to Microgenics' contract with DOCCS and incurred no obligations under the contract.

### 2. Plaintiff has not plausibly alleged any basis for ignoring corporate separateness.

Plaintiff's resort to group pleading on the basis of TFSI's corporate relationship with Microgenics does not suffice to state a claim against TFSI as a non-signatory to the contract with DOCCS. To the contrary, a "'parent corporation may not be held liable for the contracts … of its subsidiary solely because of stock ownership." *Maki v. The Travelers Cos.*, 145 A.D.3d 1228, 1230, 44 N.Y.S. 3d 220 (2016) (quoting *A.W. Fiur Co. v. Ataka & Co.*, 71 A.D.2d 370, 374 (1979)). To circumvent this principle and hold a corporate parent liable (or in this case, an *indirect* parent), the plaintiff must pierce the corporate veil by setting forth allegations showing "actual domination by the corporate parent over the corporate subsidiary, rather than mere ownership." *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 515 (S.D.N.Y. 2004) (citing *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69–70 (2d Cir. 1996)). Where, as here, a plaintiff asserts claims against a parent corporation based on a subsidiary's actions and does not plead facts justifying veil piercing, the claims against the parent are properly dismissed. *E.g.*, *Sabol v. Bayer Healthcare Pharm., Inc.*, 439 F. Supp. 3d 131, 145–46 (S.D.N.Y. 2020) (taking judicial notice of the fact that

the parent corporation did not manufacture the product at issue and dismissing product liability claims against the parent corporation because the complaint did not plausibly allege domination of the subsidiary).

Under the *Iqbal* plausibility standard, Plaintiff has not averred any facts suggesting any basis for finding TFSI liable under Microgenics' contract with DOCCS. Thus, even if the Complaint were construed to state a claim against Microgenics, TFSI would nonetheless be entitled to dismissal.

## IV. CONCLUSION

In addition to the reasons for dismissal stated in Defendant Microgenics Corporation's memorandum in support of its motion to dismiss, Plaintiff's Second Amended Complaint independently fails to state a claim as to TFSI because TFSI is not a party to the contract between Microgenics and DOCCS on which Plaintiff bases his claims.

Respectfully submitted,

Dated: February 10, 2021

/s/Christopher R. Carton
Christopher R. Carton (ID # CC0408)
Erica Mekles (ID # EM1020)
BOWMAN AND BROOKE LLP
317 George Street, Suite 320
New Brunswick, NJ 08901
Telephone: (201) 577-5175
chris.carton@bowmanandbrooke.com
erica.mekles@bowmanandbrooke.com

***Attorneys for Defendant Thermo Fisher Scientific Inc.***