```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  RUBEN WILLS,                                              :
                                                            :   **MEMORANDUM DECISION**
                              Plaintiff,                    :   **AND ORDER**
                                                            :
                  - against -                               :   20-cv-4432 (BMC)
                                                            :
  MICROGENICS CORPORATION;                                  :
  THERMO FISHER SCIENTIFIC, INC.;                           :
  ANTHONY J. ANNUCCI; DELTA                                 :
  BAROMETRE; SHAUNTE MITCHELL;                              :
  MALIKAH MCCROREY; COREY                                   :
  WOODBERRY; and CAPTAIN DOE;                               :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Once a member of the New York City Council, plaintiff Ruben Wills was convicted on corruption charges and incarcerated at a state correctional facility. See People v. Wills, 186 A.D.3d 1416, 1416, 130 N.Y.S.3d 93, 94 (2020). Shortly before his scheduled parole – and well before a state appellate court reversed his conviction – officials from the New York State Department of Corrections and Community Supervision selected him for random drug testing. The officials used a urinalysis test and testing protocol that was allegedly designed, manufactured, and sold by Microgenics Corp. and Thermo Fisher Scientific, Inc. The test returned a false positive. State officials revoked plaintiff's eligibility for parole, and plaintiff remained incarcerated for several additional months. He is now out of prison.

Plaintiff has since sued several state officials under 42 U.S.C. § 1983. He has also brought state-law negligence claims against Microgenics and Thermo Fisher. Both Microgenics and Thermo Fisher ("defendants") have moved to dismiss.[1]

In a recent order, Magistrate Judge Scanlon denied motions to dismiss in a nearly identical case. See Steele-Warrick v. Microgenics Corp., No. 19-cv-6558, 2021 WL 1109052, at *1 (E.D.N.Y. March 22, 2021). There, too, an inmate alleged that she suffered undeserved discipline due to a false positive test, and she brought the same state-law negligence claims against the same defendants. Defendants were represented by the same counsel as in this action, and they put forth the same arguments for dismissal.

Defendants have not suggested that this case is meaningfully different. I see no reason to conclude otherwise. Thus, for the same reasons as Judge Scanlon, I reject defendants' arguments.

First, plaintiff has adequately alleged that defendants owed him a duty of care. This case falls within the purview of Landon v. Kroll Laboratory Specialists, Inc., 22 N.Y.3d 1, 6–7, 977 N.Y.S.2d 676, 679–80 (2013), where the Court of Appeals held that a drug testing laboratory owed "a duty to the test subject to perform his drug test in keeping with relevant professional standards." That case involved a parolee, and the Court of Appeals reasoned that the laboratory's contract with a municipal government did not immunize the laboratory. Id. at 7, 977 N.Y.S.2d at 680. Seeking to evade this holding, defendants rely on Pasternack v. Laboratory Corp. of America Holdings, 27 N.Y.3d 817, 37 N.Y.S.3d 750 (2016), but that case is inapposite. There, the Court of Appeals merely held that a drug testing laboratory did not owe the test

---

[1] Microgenics has filed a letter motion for leave to file its reply memorandum under seal. In light of the protective order entered on 01/12/2021, the Court will allow this document to be filed under seal.

2

subject a duty to comply with "ministerial federal regulations and guidelines unrelated to scientific integrity." Id. at 826, 37 N.Y.S.3d at 755. Here, plaintiff's allegations go to the scientific integrity of the testing process, not the ministerial administration of that process. To the extent defendants rely on other arguments, I reject them for the same reasons as Judge Scanlon. See Steele-Warrick, 2021 WL 1109052, at *10–12.

Second, plaintiff has adequately alleged a breach. "Under New York law, in a negligence action, once the court has determined the existence of a duty of care, 'it is then the factfinder's job to determine whether the duty was breached and, if so, whether the breach was the proximate cause of the plaintiff's injury.'" Id. at *12 (alteration adopted) (quoting Gonzalez v. Caballero, 572 F. Supp. 2d 463, 467 (S.D.N.Y. 2008)). Here, plaintiff offers various allegations to show that defendants designed, manufactured, and sold a system that returned a high rate of false positives in violation of the relevant professional standards. That was enough to allege a breach. See id.

Third, plaintiff has adequately alleged that Thermo Fisher is liable alongside Microgenics. Thermo Fisher stresses that it is merely Microgenics's indirect parent corporation and was not a signatory to Microgenics's contract with the Department of Corrections and Community Supervision. But in explaining why it cannot be held liable in these circumstances, Thermo Fisher relies primarily on contract law. This is a tort case. Under New York law, "[a] parent corporation can be held liable for the torts of a partially owned subsidiary with evidence showing the parent exercised sufficient domination and control over its subsidiary." Id. at *13 (citing Lener v. Club Med, Inc., 168 A.D.2d 433, 435, 562 N.Y.S.2d 556, 557 (2d Dep't 1990)). Like the plaintiff in Steele-Warrick, plaintiff alleges that defendants acted jointly in breaching their duty of care. See id. And many of Thermo Fisher's arguments would have me look well

beyond the complaint. To the extent these arguments may have merit, they present questions for summary judgment, not a motion to dismiss.

## CONCLUSION

Microgenics's letter motion for leave to file its reply memorandum under seal [40] is granted. Thermo Fisher's motion to dismiss [28] and Microgenics's motion to dismiss [29] are denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      May 7, 2021