**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUBEN WILLS, | Hon. Brian M. Cogan |
| Plaintiff | CASE 1:20-cv-04432-BMC-VMS |
| vs. | |
| MICROGENICS CORPORATION, ET AL., | **MICROGENICS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| Defendants | |

Defendant, Microgenics Corporation ("Microgenics"), as and for its Answer to the Second Amended Complaint (the "Complaint") filed by plaintiff, Ruben Wills ("Plaintiff"), states as follows:

### AS TO THE PRELIMINARY STATEMENT

1.      **DENIES** the allegations contained in Paragraph 1 of the Complaint.

2.      **DENIES** the allegations contained in Paragraph 2 of the Complaint, to the extent they apply to Microgenics.  To the extent the allegations do not apply to Microgenics, Microgenics **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

### AS TO THE PARTIES

3.      **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      **DENIES** the allegations contained in Paragraph 4 of the Complaint, except **ADMITS** that it is Delaware corporation based in Freemont, CA and entered into a contract with DOCCS in 2018.

5.      **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

24385603v1

6. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint does not contain allegations and therefore does not require a response.  To the extent Paragraph 12 requires a response, it is **DENIED**.

### AS TO JURISDICTION AND VENUE

13. **ADMITS** the allegations contained in Paragraph 13 of the Complaint.

14. **ADMITS** the allegations contained in Paragraph 14 of the Complaint.

15. **ADMITS** the allegations contained in Paragraph 15 of the Complaint.

16. **ADMITS** the allegations contained in Paragraph 16 of the Complaint.

### AS TO THE JURY DEMAND

17. Paragraph 17 of the Complaint is not an allegation against Microgenics but instead a Jury Demand and therefore no answer is required.  Microgenics likewise demands a jury trial.

### AS TO THE STATEMENT OF FACTS COMMON TO ALL CLAIMS

2

18.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint does not contain allegations and is instead Plaintiff's interpretation of a Southern District of New York case from 1985, and therefore does not require a response. To the extent Paragraph 22 requires a response, it is **DENIED**.

23.     Paragraph 23 of the Complaint does not contain allegations and is instead Plaintiff's interpretation of a Second Circuit case purportedly affirming the aforementioned Southern District of New York case from 1985, and therefore does not require a response.  To the extent Paragraph 23 requires a response, it is **DENIED**.

24.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     **DENIES** the allegations contained in Paragraph 25 of the Complaint, to the extent they apply to Microgenics.  To the extent the allegations do not apply to Microgenics, Microgenics **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     **DENIES** the allegations contained in Paragraph 26 of the Complaint.

27.     **ADMITS** the allegations contained in Paragraph 27 of the Complaint, but only to

3

the extent that Microgenics provided DOCCS an Indiko analyzer to try in one of the DOCCS facilities in order to run a side-by-side comparison of it to the urinalysis machine DOCCS was using at the time.

28.     **DENIES** allegations contained in Paragraph 28 of the Complaint.

29.     **DENIES** the allegations contained in Paragraph 29 of the Complaint.

30.     **DENIES** the allegations contained in Paragraph 30 of the Complaint.

31.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     **DENIES** the allegations contained in Paragraph 32 of the Complaint.

33.     **DENIES** the allegations contained in Paragraph 33 of the Complaint.

34.     **DENIES** the allegations contained in Paragraph 34 of the Complaint.

35.     **DENIES** the allegations contained in Paragraph 35 of the Complaint, except **ADMITS** that Microgenics sells the Indiko analyzer.

36.     **DENIES** the allegations contained in Paragraph 36 of the Complaint.

37.     **DENIES** the allegations contained in Paragraph 37 of the Complaint.

38.     **ADMITS** the allegations contained in Paragraph 38 of the Complaint.

39.     **ADMITS** the allegations contained in Paragraph 39 of the Complaint.

40.     **DENIES** the allegations contained in Paragraph 40 of the Complaint.

41.     **ADMITS** the allegations contained in Paragraph 41 of the Complaint.

42.     **DENIES** the allegations contained in Paragraph 42 of the Complaint.

43.     **DENIES** the allegations contained in Paragraph 43 of the Complaint.

44.     **DENIES** the allegations contained in Paragraph 44 of the Complaint.

45.     **DENIES** the allegations contained in Paragraph 45 of the Complaint.

4

46.    **DENIES** the allegations contained in Paragraph 46 of the Complaint.

47.    **DENIES** the allegations contained in Paragraph 47 of the Complaint.

48.    **DENIES** the allegations contained in Paragraph 48 of the Complaint.

49.    **DENIES** the allegations contained in Paragraph 49 of the Complaint.

50.    **DENIES** the allegations contained in Paragraph 50 of the Complaint.

51.    **DENIES** the allegations contained in Paragraph 51 of the Complaint.

52.    **DENIES** the allegations contained in Paragraph 52 of the Complaint.

53.    **DENIES** the allegations contained in Paragraph 53 of the Complaint.

54.    **DENIES** the allegations contained in Paragraph 54 of the Complaint.

55.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.    **DENIES** the allegations contained in Paragraph 56 of the Complaint.

57.    **DENIES** the allegations contained in Paragraph 57 of the Complaint, except **ADMITS** that the instructions for use for the Indiko analyzer state that it should be used as an initial screen only and that confirmatory testing by gas chromatography/mass spectrometry (GC/MS) or Liquid chromatography/tandem mass spectrometry (LC-MS/MS) is required to verify positive results.

58.    **ADMITS** that Microgenics submitted a 510(k) Premarket Notification to the FDA for the Buprenorphine Assay II and that the assay should be used as an initial screen only and that confirmatory testing by gas chromatography/mass spectrometry (GC/MS) or Liquid chromatography/tandem mass spectrometry (LC-MS/MS) is required to verify positive results.

59.    **DENIES** the allegations contained in Paragraph 59 of the Complaint.

60.    **DENIES** the allegations contained in Paragraph 60 of the Complaint.

5

61. **DENIES** the allegations contained in Paragraph 61 of the Complaint.

62. **DENIES** the allegations contained in Paragraph 62 of the Complaint.

63. **DENIES** the allegations contained in Paragraph 63 of the Complaint.

64. **DENIES** the allegations contained in Paragraph 64 of the Complaint.

65. **DENIES** the allegations contained in Paragraph 65 of the Complaint.

66. **DENIES** the allegations contained in Paragraph 66 of the Complaint.

67. **DENIES** the allegations contained in Paragraph 67 of the Complaint.

68. **DENIES** the allegations contained in Paragraph 68 of the Complaint.

69. **DENIES** the allegations contained in Paragraph 69 of the Complaint.

70. **DENIES** the allegations contained in Paragraph 70 of the Complaint.

71. **DENIES** the allegations contained in Paragraph 71 of the Complaint.

72. **DENIES** the allegations contained in Paragraph 72 of the Complaint.

73. **DENIES** the allegations contained in Paragraph 73 of the Complaint.

74. **DENIES** the allegations contained in Paragraph 74 of the Complaint.

75. **DENIES** the allegations contained in Paragraph 75 of the Complaint that the results generated by the Indiko analyzers were unreliable. **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 75 of the Complaint.

76. **DENIES** the allegations contained in Paragraph 76 of the Complaint.

77. **DENIES** the allegations contained in Paragraph 77 of the Complaint.

78. **DENIES** the allegations contained in Paragraph 78 of the Complaint.

79. **ADMITS** only that DOCCS sued the Microgenics Defendants. **DENIES** the remaining allegations contained in Paragraph 79 of the Complaint.

6

80.    **DENIES** the allegations contained in Paragraph 80 of the Complaint.

81.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.    **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     **DENIES** the allegations contained in Paragraph 95 of the Complaint.

96.     **DENIES** the allegations contained in Paragraph 96 of the Complaint.

97.     **DENIES** the allegations contained in Paragraph 97 of the Complaint.

98.     **DENIES** the allegations contained in Paragraph 98 of the Complaint, except that Microgenics **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint that Plaintiff's attorney requested DOCCS perform a second test which was refused.

99.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110.     **DENIES** the allegations contained in Paragraph 110 of the Complaint.

111.     **DENIES** the allegations contained in Paragraph 111 of the Complaint.

112.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint.

114.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

**AS TO THE FIRST CLAIM FOR RELIEF – NEGLIGENCE AGAINST THE**

## MICROGENICS DEFENDANTS

116.     Microgenics repeats and realleges their responses to the allegations of the Complaint, as set forth above.

117.     **DENIES** the allegations contained in Paragraph 117 of the Complaint that Plaintiff received a false-positive drug test.    Microgenics **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 of the Complaint.

118.     **DENIES** the allegations contained in Paragraph 118 of the Complaint.

119.     **DENIES** the allegations contained in Paragraph 119 of the Complaint.

120.     **DENIES** the allegations contained in Paragraph 120 of the Complaint.

121.     **DENIES** the allegations contained in Paragraph 121 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF – 42 U.S.C. § 1983 DUE PROCESS VIOLATION AGAINST THE DOCCS DEFENDANTS

122.     Microgenics repeats and realleges their responses to the allegations of the Complaint, as set forth above.

123.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125.     **LACKS KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

10

**WHEREFORE**, Microgenics demands judgment dismissing Plaintiff's Complaint, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>

1.      The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      Microgenics owed no duty to Plaintiff.

4.      The Complaint is barred by the doctrine of unclean hands.

5.      The Complaint is barred by the doctrine of consent.

6.      The Complaint is barred by the doctrine of waiver.

7.      The Complaint is barred by the doctrine of estoppel.

8.      The Complaint is barred because DOCCS breached the Contract.

9.      Microgenics asserts the rights, immunities, and standards of proof provided for under New York's product liability laws, PJI 2:125; PJI 2:120.

10.     The Complaint is barred, in whole or in part, by Plaintiff's and/or DOCCS' contributory or comparative negligence.

11.     The Complaint is barred, in whole or in part, because the alleged harm was caused by an unavoidably unsafe aspect of the subject product and the product was accompanied by an adequate warning or instruction.

12.     The Complaint is barred, in whole or in part, because Plaintiff knowingly and voluntarily assumed the risk of his injuries and damages.

13.     Plaintiff's damages, if any, were caused by the contributory or comparative negligence, fault, or other wrongful acts or omissions of persons or entities other than Microgenics

11

over which Microgenics has and had no control or right of control and for which it is not responsible, thereby barring any recovery by Plaintiff.

14.     Plaintiff's claims give rise to an apportionment of damages, if any, in relation to the degree of fault of parties or other persons, employers, or entities; Microgenics will identify the names and addresses of any individuals or entities at fault, as these individuals or entities are revealed through discovery.

15.     Plaintiff is barred from recovering all damages, if any, paid or payable from collateral sources.

16.     The Complaint may be barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and/or acquiescence.

17.     Plaintiff may have failed to mitigate his alleged damages.

18.     The subject product complied with prevailing industry standards or government standards or both.

19.     The subject product complied with the prevailing state of the art.

20.     Intervening and superseding negligence may preclude any recovery from Microgenics.

21.     The subject product was unreasonably and unforeseeably misused, abused, or substantially modified after leaving Microgenics' possession, custody, and control.

22.     The subject product was not in the same condition at the time of the alleged incident as when it was last in the possession, custody, and control of Microgenics.

23.     The Complaint may be barred, in whole or in part, by the failure to preserve evidence.

12

24385603v1

24.     The imposition of punitive damages against Microgenics in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of New York.

## DEMAND FOR JURY TRIAL

In accordance with Rules 38(b) and 81(c) of the Federal Rules of Civil Procedure, Microgenics demands a trial by jury of all issues triable of right by a jury.


Dated:  May 24, 2021                              Respectfully Submitted,

                                                  **BOWMAN AND BROOKE LLP**


                                                  By:  /s/ Christopher R. Carton
                                                  Christopher R. Carton, Esq. (CCO408)
                                                  317 George Street, Suite 320
                                                  New Brunswick, NJ 08901
                                                  201.577.5176
                                                  christopher.carton@bowmanandbrooke.com
                                                  *Attorneys for Defendant*
                                                  *Microgenics Corporation*

13

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 24, 2021, I electronically filed defendant Microgenics Corporation's Answer with Affirmative Defenses with the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Christopher R. Carton*

Christopher R. Carton

14

24385603v1