UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RUBEN WILLS,                                                 :
                                                             :
                            Plaintiff,                       :
                                                             :          20 Civ. 4432 (BMC)(VMS)
              - against -                                    :
                                                             :
MICROGENICS CORPORATION, et. al.,                            :
                                                             :
                            Defendants.                      :
------------------------------------------------------------ X


### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS


LETITIA A. JAMES
Attorney General
State of New York
<u>Attorney for State Defendants</u>
28 Liberty Street
New York, New York 10005
(212) 416-8105


Sarande Dedushi
Assistant Attorney General
<u>Of Counsel</u>

# TABLE OF CONTENTS[1]

**Page**

PRELIMINARY STATEMENT……………………………………………………………….1

ARGUMENT:  PLAINTIFF'S DUE PROCESS CLAIM AGAINST THE STATE
DEFENDANTS MUST BE DISMISSED………………………………………………………...1

A.      Plaintiff Has Abandoned His Claims Against State Defendants Delta Barometre, Malikah
McCrorey, and Shaunte D. Mitchell, And All Claims Against These State Defendants Should Thus
Be Dismissed………………………………………………………………………………………1

B.      Plaintiff Was Not Deprived Of A Liberty Interest…………………………………………1

C.      Plaintiff's Argument That The Conviction Delayed His Release Is Contrary To His
Complaint, And, If Accepted, Then The Section 1983 Claim Concerning The Conviction Is Also
Barred By Heck v. Humphrey………………………………………………………………………..2

D.      Plaintiff's Disciplinary Hearing Satisfied Due Process In Any Event...............................3

E.      State Defendant Annucci Is Not Alleged To Have Been Personally Involved In A
Constitutional Violation……………………………………………………………………………...3

F.      All State Defendants, At Minimum, Are Entitled To Qualified Immunity………………..4

CONCLUSION………………………………………………………………………………4

---

[1] Due to the emergency procedures that the undersigned's Office has put into place concerning COVID-19, in which substantially all staff are now working remotely from home, State Defendants cannot readily create a Table of Authorities, and have thus omitted it from this brief. State Defendants will endeavor to provide a Table of Authorities if the Court so directs.

## PRELIMINARY STATEMENT

Defendants Anthony J. Annucci, Delta Barometre, Malikah McCrorey, Shaunte D. Mitchell, and Sheila Woodberry ("State Defendants"), employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### PLAINTIFF'S DUE PROCESS CLAIM AGAINST THE STATE DEFENDANTS MUST BE DISMISSED

**A. Plaintiff Has Abandoned His Claims Against State Defendants Delta Barometre, Malikah McCrorey, and Shaunte D. Mitchell, And All Claims Against These State Defendants Should Thus Be Dismissed**

Plaintiff has abandoned his claims against State Defendants Delta Barometre, Malikah McCrorey, and Shaunte D. Mitchell. (See Plaintiff's Opposition, p. 1, footnote 1). Therefore, all claims against these State Defendants should be dismissed.

**B. Plaintiff Was Not Deprived Of A Liberty Interest**

An inmate's liberty interest is implicated by a prison disciplinary sentence only if it "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "[R]estrictive confinements of less than 101 days, do not generally raise a liberty interest." Davis v. Barrett, 576 F.3d 129, 133-134. The misbehavior report and the disciplinary conviction related to Plaintiff having Benadryl without prescription show that he was sentenced only to 15 days loss of recreation. This trivial sanction does not constitute an atypical and significant hardship under Sandin and its progeny, and Plaintiff

has thus failed to allege the deprivation of a liberty interest.

**C.  Plaintiff's Argument That The Conviction Delayed His Release Is Contrary To His Complaint, And, If Accepted, Then The Section 1983 Claim Concerning The Conviction Is Also Barred By Heck v. Humphrey**

In his Opposition to State Defendants' Motion to Dismiss, Plaintiff argues that the disciplinary conviction nonetheless deprived him of a liberty interest because it led to his loss of parole. (See Plaintiff's Opposition, p. 4). First, this is directly contrary to Plaintiff's own complaint, which alleges that the date that "Wills was removed from eligibility for presumptive parole" was "April 2, 2019," SAC, ¶ 102. This was before the April 8, 2019 disciplinary conviction, and the April 3, 2019 underlying incident, on which the claims against the State Defendants are based. Id., ¶¶ 103-06. The complaint instead alleges that it was the false positive results from Microgenics that led to him not being released on parole. Id., ¶¶ 93-102, 110-112. And, of course, the decision to deny release was the intervening cause of Plaintiff's injury.

In any event, were Plaintiff's argument to be accepted, then the disciplinary conviction on which Plaintiff's Section 1983 action against the State Defendants is premised affected the length of his confinement, and his Section 1983 claim concerning that conviction is thus barred by definition under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a plaintiff may not assert a damages claim under Section 1983 where the claim attacks the fact or length of confinement unless the conviction or sentence has been reversed or otherwise invalidated. See also Edwards v. Balisok, 520 U.S. 641 (1997) (§ 1983 claim for damages concerning disciplinary conviction that included loss of good time credits that delayed his release from prison was barred by Heck). Thus, if Plaintiff's argument that the disciplinary conviction caused his release to be delayed is accepted, then the Section 1983 claim against the State Defendants concerning the conviction is also barred by Heck.

2

### D.  Plaintiff's Disciplinary Hearing Satisfied Due Process In Any Event

As stated in State Defendants' Motion to Dismiss, under the Due Process Clause, an inmate is entitled only to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). [R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution, as outlined in Wolff. Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir.2004). There are no allegations that any of these requirements were not met.

Plaintiff alleges that he was incorrectly charged with possession of Benadryl, because he was permitted to have the drug, then incorrectly convicted of that charge. However, as stated in their Motion to Dismiss, Plaintiff has no constitutional right not to be falsely charged with a disciplinary infraction. Freeman v. Rideout, 808 F.2d 949, 950 (2d Cir. 1986) ("the filing of unfounded charges is not per se a constitutional violation under section 1983"). Nor does the allegation that the hearing officer reached an incorrect decision in Plaintiff's disciplinary proceeding implicate the Due Process Clause. See, e.g., Humphrey, 512 U.S. at 482-483.

### E.  State Defendant Annucci Is Not Alleged To Have Been Personally Involved In A Constitutional Violation

State Defendant Annucci is not alleged to have been personally involved in any alleged violation of Plaintiff's constitutional rights. A "plaintiff must plead that each Government-official defendant, through the official's own individual action has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff argues only that Annucci is liable because he affirmed

the decision of hearing officer Wills. (<u>See</u> Plaintiff's Opp., p.7). But a supervisors' affirming a hearing officer's decision on an appeal from a disciplinary hearing fails to establish personal involvement in the alleged denial of an inmate's due process rights at that hearing.  <u>See</u>, <u>e.g.</u>, <u>Smart v. Annucci</u>, No. 19 Civ. 7908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) ("[A]ffirming the outcome of a prison hearing was not sufficient to establish personal involvement."); <u>Vogelfang v. Capra</u>, 889 F. Supp. 2d 489, 503-04 (S.D.N.Y. 2012) (same).

### F. State Defendants Annucci And Woodberry Are, At Minimum, Entitled To Qualified Immunity

State Defendants Annucci and Woodberry are, at a minimum, entitled to qualified immunity. Plaintiff has not alleged a due process violation, so he has, by definition, not alleged the violation of a right that was clearly established at the time of the alleged incident.

Further, a reasonable official in State Defendants Annuci's position could have believed that their alleged action of reviewing Plaintiff's disciplinary actions did not violate Plaintiff's constitutional rights. Similarly, a reasonable official in State Defendant Woodberry's positions could have believed that their alleged decision, during Plaintiff's disciplinary hearing did not implicate the Due Process Clause, in that the penalty imposed, loss of recreation time for 15 days, did not constitutes a atypical and significant hardship in comparison to ordinary prison life, and due process was provided at the hearing in any event. <u>See</u> <u>Gonzales v. City of Schenectady</u>, 728 F.3d 149, 154 (2d Cir. 2013) (citing <u>Taravella v. Town of Wolcott</u>, 599 F.3d 133-34 (2d Cir. 2010)).

**CONCLUSION**

For the reasons set forth above and in States Defendants' opening brief, all claims against

State Defendants should be dismissed.

Dated:  New York, New York
        June 28, 2021

                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        <u>Attorney for State Defendants</u>
                                        By:


                                         <u>/s/ *Sarande Dedushi*</u>
                                        Sarande Dedushi
                                        Assistant Attorney General
                                        28 Liberty Street- 18th Floor
                                        New York, NY 10005
                                        (212) 416-8105
                                        Sarande.Dedushi@ag.ny.gov


cc: Counsel of record (via ECF)