```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
  RUBEN WILLS,                                                     :
                                                                   :
                                  Plaintiff,                       :
                                                                   :
                     -against-                                     :
                                                                   :   20 Civ 4432 (BMC)
  MICROGENICS CORPORATION,                                         :
  THERMO FISHER SCIENTIFIC, INC. and                               :
  SHEILA WOODBERRY,                                                :
                                                                   :
                                                                   :
                                  Defendants.                      :
------------------------------------------------------------------ X
```

## **DEFENDANT WOODBERRY'S LOCAL CIVIL RULE 56.1 STATEMENT**

Pursuant to Local Rule 56.1, Defendant Sheila Woodberry ("Woodberry"), by her attorney, Letitia James, Attorney General of the State of New York, respectfully submits the following statement of material facts, as to which Woodberry contends that there exists no genuine of issue to be tried.

**DOCCS Policies and Procedures**

1. During Plaintiff's incarceration in New York State custody, the rules governing the conduct of incarcerated individuals while under the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") were set forth in the DOCCS' Standards of Inmate Behavior handbook. Ex. A[1], at STATE DEF 000949-000972; Declaration of John Harper, dated January 31, 2024 ("Harper Decl."), ¶ 3; 7 N.Y.C.R.R. § 270.2.

2. The rules set forth in the Standards of Inmate Behavior apply to all incarcerated individuals

---

[1] All citations herein to "Ex." refer to the Exhibits in Support of Defendant Sheila Woodberry's Motion for Summary Judgment.

1

across all DOCCS facilities. Harper Decl. ¶ 3; Ex. A, at STATE DEF 000949 ("Standards of Inmate Behavior: *All Institutions*") (emphasis added); Ex. B, at WILLS 000538 ("[a]ll [DOCCS] Rules (Standards of Offender Behavior, revised 2/06) apply to you while you are an offender at this facility").

3. The Standards of Inmate Behavior handbook in effect during the time when Plaintiff was under the custody of DOCCS stated that under Rule 113.14, "[a]n inmate shall not possess outdated or unauthorized types or quantities of medication, nor shall an inmate sell, exchange or provide any medication to anyone." Ex. A., at STATE DEF 000965.

4. Plaintiff Ruben Wills received a copy of the handbook containing Rule 113.14 when he entered DOCCS custody. Ex. C, Transcript of the Deposition of Ruben Wills, dated April 24, 2023 ("Pl.'s Dep.") 32:2-37:12 (referring to Ex. A).

5. Within DOCCS facilities, all medication for incarcerated individuals must be issued by DOCCS medical staff. Harper Decl. ¶¶ 5-6; Declaration of Sheila Woodberry, dated February 1, 2024 ("Woodberry Decl.") ¶ 7; Ex. D, at 15:2-16:4 (Tr. of Dep. of Maryann Genovese, dated Nov. 7, 2023).

6. When medication is provided to an incarcerated individual, DOCCS policy requires that staff record the medication in the individual's medical records. Harper Decl. ¶ 5.

7. These DOCCS medication issuance policies apply to both prescription and over-the-counter medications. Harper Decl. ¶ 5; Ex. D, at 28:21-29:4; Ex. P (Plaintiff's DOCCS Medication List, July 1, 2017 to September 1, 2020 (WILLS 000439-000443)); Ex. E, at STATE DEF 000135, § II.B.1 (DOCCS, Division of Health Services Policy 3.03: *Distribution of Over-The-Counter Medication*).

**Plaintiff's April 8, 2019 Discipline and Hearing**

8. On April 3, 2019, while being housed at Lincoln Correctional Facility, Plaintiff's locker was searched after a canine detection unit alerted. DOCCS officials recovered a prescription medication bottle containing two different types of pills. Three of the pills were identified as Benadryl. Ex. G., at STATE DEF 000006, 000009-000011, 000013-000014.

9. Plaintiff did not have a prescription for Benadryl nor did Plaintiff's medical records at DOCCS indicate that DOCCS medical staff had issued Benadryl to Plaintiff. *Id*. at STATE DEF 000006; Pl. Dep. 84:12-85:21; *see also* Ex. P, at WILLS 000439-000442.

10. On April 4, 2019, a misbehavior report was written by Lieutenant Malikah McCrorey, charging Plaintiff with violating Rule 113.14 for the unauthorized possession of medication and Rule 114.10 for smuggling prohibited items into a DOCCS facility. Ex. G, at STATE DEF 000006.

11. Plaintiff was served with and acknowledged receipt of the misbehavior report on April 5, 2019. Ex. G, at STATE DEF 000002 ("Serving date/time 04/05/19 12:08PM"), STATE DEF 000007; Ex. H, at 1:25-1:38 (Audio Recording of April 8, 2019 Disciplinary Hearing).

12. On April 8, 2019, Defendant Sheila Woodberry presided over Plaintiff's Tier II disciplinary hearing concerning his April 3, 2019 Benadryl possession. Plaintiff was present at this hearing. Ex. G, at STATE DEF 000002, 000012; Woodberry Decl. ¶¶ 5, 9.

13. During the April 8, 2019 hearing, Woodberry advised Plaintiff of the charges that were the subject of the hearing, and Plaintiff had the opportunity to call witnesses and present evidence on his behalf. Woodberry Decl. ¶¶ 9-11; Pl.'s Dep. 96:20-97:17, 97:24-98:3; Ex. H, at 3:25-3:45, 11:40-11:50, 12:28-12:55, 14:43-15:26, 17:41-17:56 (Audio Recording of April 8, 2019 Disciplinary Hearing).

14. During the April 8, 2019 hearing, Plaintiff did not call any witnesses, and no witnesses testified. Ex. G, at STATE DEF 000002; Pl.'s Dep. 96:20-97:17, 97:24-98:3.

15. During the April 8, 2019 hearing, Plaintiff admitted that he possessed the Benadryl for which he was charged, but did not provide any information to Woodberry about where he obtained the Benadryl. Ex. H, at 11:40-11:50, 12:28-12:55, 14:43-15:26 (Audio Recording of April 8, 2019 Disciplinary Hearing); Woodberry Decl. ¶ 10.

16. During the April 8, 2019 hearing, Plaintiff did not claim that DOCCS medical staff had authorized his possession of Benadryl, or that he was unaware of or misunderstood the rule prohibiting his possession of unauthorized medication. *See generally* Ex. H (Audio Recording of April 8, 2019 Disciplinary Hearing), at 12:28-12:38 ("[i]f the medication's not prescribed, then it's unauthorized medication. . . I understand that"); Woodberry Decl. ¶ 12.

17. At the conclusion of the hearing, based on the contents of the misbehavior report and Plaintiff's testimony acknowledging possession of the Benadryl, Woodberry found Plaintiff guilty of the unauthorized medication charge, and not guilty of the smuggling charge, and imposed a penalty of 15 days loss of recreation. Ex. G, at STATE DEF 000002-000005; Woodberry Decl. ¶ 13; Ex. H, at 18:56-19:18 (Audio Recording of April 8, 2019 Disciplinary Hearing).

18. Woodberry read her determination into the hearing record and Plaintiff was provided with a copy of the written disposition, which set forth the evidence Woodberry considered in making her determination in finding him guilty of the unauthorized possession violation. Ex. H, at 18:38-19:55 (Audio Recording of April 8, 2019 Disciplinary Hearing); Woodberry Decl. ¶¶ 13-14; Ex. G, at STATE DEF 000002-000005.

19. Woodberry did not have any interactions with Plaintiff following the April 8, 2019 hearing

4

concerning this discipline and did not refer Plaintiff's unauthorized possession of medication disciplinary determination to the Temporary Release Committee. Pl.'s Dep. 102:6-10; Woodberry Decl. ¶ 16.

**Plaintiff's April 9, 2019 Temporary Release Committee Hearing and Removal from Work Release**

20. On April 9, 2019, the Temporary Release Committee held a hearing to consider Plaintiff's continued participation in the Temporary Release Program. Ex. I, at STATE DEF 000176.

21. The Temporary Release Committee hearing was initiated by the referral of Lieutenant Christopher Hiney, based upon a separate Tier II disciplinary determination that Hiney sustained after a disciplinary hearing on March 30, 2019. Ex. I ("Referred to the TRC by: Lt. Hiney"); Ex. J, at STATE DEF 000028-000032 (Hearing Packet for March 30, 2019 Disciplinary Hearing), STATE DEF 000030 ("Recommended TRC review hearing").

22. The March 30, 2019 discipline concerned a urine sample Plaintiff submitted to DOCCS officials on March 27, 2019, which tested positive for Buprenorphine, an illicit substance. A misbehavior report was generated for Plaintiff's positive urine sample on March 28, 2019, indicating that he was in violation of the Temporary Release Rules and DOCCS Rule 108.14. Ex. J, at STATE DEF 000032; Ex. A, at STATE DEF 000962, 000966.

23. Plaintiff's April 9, 2019 Temporary Release Committee hearing was conducted before Temporary Release Committee Chairperson Assistant Deputy Superintendent for Programs Shaunte Mitchell, Temporary Release Committee Member Offender Rehabilitation Coordinator Caraballo, and Temporary Release Committee Member Correction Officer James Fucci. Ex. I, at STATE DEF 000176.

24. Plaintiff was provided notice of the Temporary Release Committee hearing, appeared in person, and testified on his own behalf. Pl.'s Dep. 102:11-103:2, 104:8-22; Ex. I ("Inmate

Present: Yes"); *see* 7 N.Y.C.R.R. § 1904.2(h).

25. Following the April 9, 2019 Temporary Release Committee hearing, the members of the Temporary Release Committee recommended Plaintiff's removal from the Temporary Release Program based on their conclusion that Plaintiff "appears unsuitable for continued participation" based on his disciplinary history. Ex. I. In making this recommendation, the Committee cited Plaintiff's statements that he purchased the Benadryl outside the facility and that he had "misread" the unauthorized possession rule. Ex. I.

26. The Superintendent of Lincoln Correctional Facility, Delta Barometre, concurred with the Temporary Release Committee's recommendation for removal and made the decision to remove Plaintiff from Temporary Release Program on April 9, 2019. Ex. I.

27. Plaintiff appealed his removal to the Central Office of Temporary Release, but his appeal was denied on July 29, 2019. The written decision denying his appeal stated that Plaintiff's removal from Temporary Release was "warranted" because his "violations of drug use. . . indicates an inability to conform with the temporary release contract." Ex. K, at STATE DEF 000178 (Notice of Disapproval for Work Release Remvl Appeal).

28. Woodberry did not attend or testify at Plaintiff's April 9, 2019 Temporary Release Committee hearing. Pl.'s Dep. 105:19-106:10; Woodberry Decl. ¶ 18.

29. Woodberry did not know that her disciplinary determination would be considered in Plaintiff's removal from the Temporary Release Program. Woodberry Decl. ¶ 17.

30. Woodberry was not consulted by the Temporary Release Committee or Superintendent Barometre regarding Plaintiff's participation in the Temporary Release Program and did not participate in the decision-making by the Committee or Superintendent regarding Plaintiff's removal from the program. *Id*. ¶¶ 19-20; Pl.'s Dep. 105:19-107:8.

31. Defendant Woodberry lacked the authority to remove Plaintiff from the Temporary Release Program. 7 N.Y.C.R.R. § 1904.2(f), (j).

**Plaintiff's Prior Discipline and Temporary Release Committee Hearing for Another Unauthorized Possession Charge**

32. On June 1, 2018, while conducting a search of Plaintiff's locker at Hudson Correctional Facility, DOCCS officials recovered a prescription bottle with two different types of pills inside. Of the pills recovered, 14 of them were identified as NyQuil. Ex. M, at STATE DEF 000045-000051 (Hearing Packet for June 14, 2018 Disciplinary Hearing).

33. Based on the NyQuil, Plaintiff was found guilty following a June 14, 2018 disciplinary hearing for the unauthorized possession of medication charge, in violation of DOCCS Rule 113.14. Ex. M, at STATE DEF 000045; Pl.'s Dep. 107:9-120:2.

34. During Plaintiff's June 14, 2018 disciplinary hearing, the hearing officer stated to Plaintiff that "any pills, any medication you have in this facility, has to come from this facility, alright?" Ex. F, 4:38-4:46 (Audio Recording of June 14, 2018 Disciplinary Hearing).

35. Following the June 14, 2018 discipline, the Temporary Release Committee hearing at Hudson Correctional Facility conducted a hearing to consider Plaintiff's continued participation in work release on June 21, 2018. Following the June 21, 2018 Temporary Release Committee hearing, the Committee recommended, and the designee of the Superintendent of Hudson Correctional Facility agreed, that Plaintiff would be permitted to continue in the Temporary Release Program notwithstanding the June 2018 unauthorized possession discipline. Ex. L (Temporary Release Program Form 4187, dated June 21, 2018).

36. In July 2018, Plaintiff was approved to have overnight furloughs as part of his work release participation. Ex. N (Temporary Release Program Form 4187, dated July 5, 2018).