UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
RUBEN WILLS,

               Plaintiff,

    -against-

MICROGENICS CORPORATION;
THERMO FISHER SCIENTIFIC, INC. and
SHEILA WOODBERRY,

               Defendants.
------------------------------------------------------------- X

20 Civ 4432 (BMC)

**DECLARATION OF JOHN HARPER IN SUPPORT OF DEFENDANT WOODBERRY'S MOTION FOR SUMMARY JUDGEMENT**

    John Harper, declares under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an employee of the New York State Department of Corrections and Community Supervision ("DOCCS"). I am not a party to the above-captioned action. I have first-hand knowledge of the facts set forth herein and I make this declaration in support of Defendant Sheila Woodberry's motion for summary judgment.

2. I have been employed by DOCCS since 1987 in correctional facilities around New York State. I began my career as a Correction Officer, received promotions to Sergeant, Lieutenant, Captain, Superintendent, and in August 2021, I was promoted to the role of Assistant Commissioner for Facility Operations in DOCCS Central Office. In this position, I am responsible for oversight of all operations for the 18 DOCCS correctional facilities within my purview, conducting security audits state-wide at all DOCCS facilities, site visits, and troubleshooting security and operational issues for problem resolution.

3. All incarcerated individuals within DOCCS custody are required to comply with DOCCS rules as set forth in the Standards of Inmate Behavior handbook. A true and correct copy of the

handbook in effect in 2017-2019 is annexed as Exhibit A to the Exhibit Volume in Support of Defendant Sheila Woodberry's Motion for Summary Judgment ("Exhibit Volume"). The rules contained in the handbook apply to all incarcerated individuals in every DOCCS facility, including Lincoln Correctional Facility.

4. Pursuant to longstanding DOCCS policy, all incarcerated individuals are provided with a copy of the Standards of Inmate Behavior handbook when they first enter DOCCS custody. This policy was in effect throughout my time at DOCCS.

5. Pursuant to longstanding DOCCS policy, any time any medication is issued to an incarcerated individual, DOCCS policy requires that DOCCS staff make a record of the medication in the individual's medical file maintained by DOCCS. These policies apply to both over-the-counter and prescription medications, and were in effect during 2017 to 2019.

6. Under DOCCS rules, and specifically DOCCS rule 113.14, incarcerated individuals may not possess any medication within a facility unless the medication has been issued or otherwise authorized by DOCCS medical staff. This rule is for the safety of all of the individuals in DOCCS custody, and to ensure that individuals do not have access to medications within a DOCCS facility without the knowledge and authorization of DOCCS medical staff. Prior to charging an incarcerated individual with unauthorized possession of medication, DOCCS policy requires medical staff to review the individual's medical records maintained by DOCCS to determine if the medication had been prescribed or authorized by DOCCS medical staff.

7. Although incarcerated individuals may be permitted to take medication while outside of DOCCS facilities during an approved furlough, they are strictly prohibited from bringing any medication back into a facility and from possessing any medication within a DOCCS facility without the explicit authorization from DOCCS medical staff in accordance with the rules set

forth in the Standards of Inmate Behavior handbook.

Dated: New York, New York
January 31, 2024

_____
JOHN HARPER