# EXHIBIT A



**NEW YORK STATE** | **Corrections and Community Supervision**

# Standards of Inmate Behavior

# All Institutions

Inmate Rules, Penalties and Outline Procedures

Revised November 2017

STATE DEF 000949

**EXHIBIT**

Exhibit A

I have received a copy of the:

### State of New York
### Department of Corrections and
### Community Supervision

### Standards of Inmate Behavior
### All Institutions

Inmate Rules, Penalties and Outline Procedures

at the: _____
          Correctional Facility

Signed: _____

Inmate Name: _____

Dept. Id. No. (DIN): _____

Date: _____

STATE DEF 000950

## INTRODUCTION

Inmates in a correctional facility are expected to abide by certain rules of conduct which are established to protect them from potential harm, either as a result of injury to their person or loss or damage of their property. Rules of conduct also serve to establish standards for behavior, which are both reasonable and consistent.

This rulebook is intended to advise each inmate of the rules of conduct applicable to them while incarcerated under the custody of the New York State Department of Corrections and Community Supervision.

Additionally, individual facilities may also issue manuals, handbooks, or guidelines for procedures within that facility. Questions concerning facility policy and procedure should be addressed to facility staff members.

1

STATE DEF 000951

## GENERAL POLICY
## ON DISCIPLINE OF INMATES

Disciplinary action is one of many essential elements in correctional treatment. When applied reasonably and with fairness it not only assists in protection of the health, safety and security of all persons within a correctional facility, but also is a positive factor in rehabilitation of inmates and the morale of the facility.

Just as both the sentencing of defendants by the courts and the techniques used by prison authorities for correctional treatment, must be appropriately varied to fit a complex matrix of individual circumstances and conditions, the disciplinary techniques within a correctional facility must be appropriately varied to fit such factors as:

(1) particular circumstances involved;
(2) overall behavior pattern of the inmate; and
(3) problems in and the present atmosphere of the facility.

Consequently, persons vested with responsibility for disciplinary measures in facilities of the Department should not establish rigid structures for disciplinary sanctions, but should consider each situation individually.

2

Disciplinary action shall be taken only in such measures and degree as is necessary to:

(1) regulate an inmate's behavior within acceptable limits;
(2) assist in achieving compliance by the entire inmate population with required standards of behavior; and
(3) preserve the confidence of all concerned (*i.e.*, the inmate population and the staff) in the administration's sincere belief in and determination to maintain the required standards of behavior.

All control of inmate activities, including disciplinary action, must be administered in a completely fair, impersonal and impartial manner and must be as consistent as possible (given the need for individualized decisions).

Disciplinary measures should not be overly severe. A sound disciplinary program relies upon certainty and promptness of action rather than upon severity.

Disciplinary action must never be arbitrary or capricious, or administered for the purpose of retaliation or revenge.

Corporal punishment is absolutely forbidden for any purpose and under all circumstances.

3

STATE DEF 000952

## GOOD BEHAVIOR
## ALLOWANCE PROCEDURES

An inmate serving a sentence of life imprisonment is not eligible to earn good time. An inmate serving an indeterminate sentence may earn good time towards the maximum term not to exceed one-third of the maximum term imposed by the court. An inmate serving a determinate sentence may earn good time towards the term not to exceed one-seventh of the term imposed by the court.

Each eligible inmate is advised of their "conditional release" date upon entering the system. The establishment of this conditional release date assumes the granting of all available good time. However, poor adjustment in prison or lack of program participation could result in the withholding of good time and the revision of the established conditional release date.

Four months prior to the tentative conditional release date, each inmate's record is reviewed by the facility Time Allowance Committee. This Committee reviews the inmate's overall record and recommends to the Commissioner how much good time should be granted to the inmate. The Commissioner's decision is final.

Therefore, the ability to maintain a positive record impacts on the overall length of an inmate's sentence.

4

Additionally, parole release decisions, transfer decisions, merit time, limited credit time allowances, eligibility for temporary release, etc., are, in large part, dependent upon an inmate's institutional adjustment.

5

STATE DEF 000953

## INCIDENTS OF MISBEHAVIOR

An employee is required to report any incident of misbehavior he or she is aware of or observes. Any incident of misbehavior which poses a threat to facility safety and security could result in the confinement of the involved inmate prior to any disciplinary hearing. This pre-hearing confinement could be in an inmate's individual cell or room, or in a Special Housing Unit.

All reports of misbehavior are handled in accordance with the provisions of the Three-Tier Disciplinary System. The procedures for this system are contained in Chapter V of Title VII of the New York State Codes, Rules and Regulations. These rules and regulations are available through the facility law library.

Generally, the less serious types of misbehavior are handled at Tier I Violation Hearings which are typically conducted by sergeants. More serious misbehavior is considered at a Tier II Disciplinary Hearing conducted by a lieutenant or other employee designated by the Superintendent. The most serious types of misbehavior are addressed at a Tier III Superintendent's Hearing conducted by a captain or above, or other employee designated by the Superintendent.

6

There is a presumption that misbehavior reports will be tiered at the lowest possible level, absent exigent circumstances, as determined by the review officer.

All disciplinary decisions may be appealed in the following ways:

1. Tier I Hearings may be appealed to the Superintendent within 24 hours of receipt of the disposition. There is no review of Tier I hearings at the Central Office level.

2. Tier II Hearings may be appealed to the Superintendent within 72 hours of receipt of the disposition. There is no review of Tier II hearings at the Central Office level.

3. Tier III Hearings may be appealed to the Commissioner within 30 days of receipt of the disposition. Inquiries on the status of any appeals submitted to the Commissioner may be made through the facility disciplinary office.

7

## RANGE OF PENALTIES

The following penalties may be imposed by a hearing officer after a determination of guilt, within established guidelines, absent aggravating factors.

### TIER I VIOLATION HEARING
### (SEE 7 NYCRR PART 252)

Any two of the following to be served within a 13-day period:

1. Counsel and/or reprimand;

2. Loss of all or part of recreation for up to thirteen (13) days;

3. Loss of up to two of the following privileges: a commissary buy (excluding items related to the inmate's health and sanitary needs), withholding of radio for up to thirteen (13) days, and/or withholding of packages for up to thirteen (13) days, excluding perishables that cannot be returned; and

4. The imposition of one work task per day, other than a regular work assignment, for a maximum of seven (7) days to be performed on the inmate's housing unit or other designated area.

8

### TIER II DISCIPLINARY HEARING
### (SEE 7 NYCRR PART 253)

The hearing officer may impose one or more of the following penalties:

1. Counsel and/or reprimand;

2. Loss of one or more specific privileges for a period of up to 30 days. Correspondence and visiting privileges may not be withheld.

3. Confinement to a cell or room continuously or to a special housing unit under keeplock admission, on certain days, or during certain hours, for a period of up to 30 days;

4. Restitution for loss or intentional damage to property up to one hundred ($100) dollars; and

5. The imposition of one work task per day, other than a regular work assignment, for a maximum of seven (7) days to be performed on the inmate's housing unit or other designated area.

**NOTE:** A mandatory $5.00 disciplinary surcharge will be imposed automatically on any inmate found guilty in a Tier II Disciplinary Hearing.

9

STATE DEF 000955

## TIER III SUPERINTENDENT'S HEARING
### (SEE 7 NYCRR PART 254)

The hearing officer may impose one or more of the following penalties:

1. Counsel and/or reprimand;

2. Loss of one or more specified privileges for a specified period. Correspondence privileges may be withheld with a particular person where the inmate has been involved in improper conduct in connection with correspondence with such person. Visitation privileges may be withheld as set forth in 7 NYCRR § 254.7(a)(1) including, without limitation, for charge specific improper conduct occurring enroute to, from, or in the visit room and/or any drug related charge (113.24, 113.25, 180.14);

3. Confinement to a cell or room or in a special housing unit continuously or on certain days during certain hours for a specified period;

4. Restitution for loss or intentional damage to property;

5. Forfeiture of money confiscated as contraband;

6. Recommended loss of a specified period of good behavior allowance ("good time"), subject to restoration by the facility Time Allowance Committee;

7. The imposition of one work task per day, other than a regular work assignment, for a maximum of seven (7) days to be performed on the inmate's housing unit or other designated area; and

8. Where applicable, removal from the elected inmate grievance resolution committee (IGRC), and/or loss of the privilege of participating as a voting member of the IGRC for a specified period of time.

NOTE: A mandatory $5.00 disciplinary surcharge will be imposed automatically on any inmate found guilty in a Tier III Superintendent's Hearing.

10

11

## PROCEDURES FOR DETERMINING CONFINEMENT TIME FOR A SECOND OR THIRD VIOLATION OF A RULE

Confinement time for a second violation of a rule:

When an inmate has committed a rule violation and has previously been found guilty of the same rule violation within a five (5) year period of time, then the inmate is eligible to receive an elevated confinement range, as indicated in the guidelines, based on the repeated behavior. The hearing officer is not obligated to utilize the confinement time for the second violation and, if appropriate, may treat the violation as a first offense for purposes of assessing a confinement sanction.

Confinement time for a third (or more) violation of a rule:

When an inmate has committed a rule violation and has been previously found guilty of the same rule violation two (2) or more times within a ten (10) year period of time, then the inmate is eligible to receive an elevated confinement range, as indicated in the guidelines, based on the repeated misbehavior. The hearing officer is not obligated to utilize the confinement time for the third violation and, if appropriate, may treat the violation as a second or even as a first offense for purposes of assessing a confinement sanction.

12

## RULES OF CONDUCT

The following behavior is prohibited. The type of disciplinary proceeding which may result from an alleged violation of each rule is listed.

The acts of conspiracy, attempt, or accessory will be punishable to the same degree as the actual offense involved. These terms have the following meaning:

a. Attempt - Any act which constitutes a step in a course of conduct which would result in an act of misbehavior.

b. Conspiracy - Agreement between two or more persons to engage in an act of misbehavior.

c. Accessory - Providing assistance in any manner prior to, during, or after a person commits an act of misbehavior.

Attempt, conspiracy and accessory may be cited whether or not the actual rule contains such terms.

13

STATE DEF 000957

## PENAL LAW OFFENSES

| | | Tier |
|---|---|---|
| I.00 | **Penal Law Offense** – All Penal Law offenses may be referred to law enforcement agencies for prosecution through the courts. In addition, Departmental sanctions may be imposed based upon a criminal conviction. | II, III |

**NOTE:** This rule does not preclude an inmate from being disciplined at any time for any violation of the following rules of conduct based upon the same incident.

14

## INSTITUTIONAL RULES OF CONDUCT

| | | Tier |
|---|---|---|
| 100 | **Assault and Fighting** | Tier |
| 100.10 | **Assault On inmate** -- An inmate shall not assault or inflict or attempt to inflict bodily harm upon any other inmate. | II, III |
| 100.11 | **Assault On Staff** – An inmate shall not assault or inflict or attempt to inflict bodily harm upon any staff member. | II, III |
| 100.12 | **Assault On Other** – An inmate shall not assault or inflict or attempt to inflict bodily harm upon any person not included in rules 100.10 and 100.11. | II, III |
| 100.13 | **Fighting** – An inmate shall not engage in fighting. | II, III |
| 100.14 | **Martial Arts** – An inmate shall not practice or instruct others in martial arts (aikido, judo, karate, jiu jitsu, kung fu, t'ai chi ch'uan, etc.). | I, II |
| 100.15 | **Disorderly Conduct** – An inmate shall not engage in unauthorized sparring, wrestling, body-punching or other forms of disorderly conduct. | I, II |

15

| 101 | Sex Offenses | Tier |
|---|---|---|

**101.10 Sex Offense** – An inmate shall not engage in, encourage, solicit or attempt to force another to engage in any sexual act. — I, II, III

**101.11 Forcible Touching** – An inmate shall not intentionally and forcibly touch the sexual or other intimate parts of an employee for the purpose of degrading or abusing such employee or for the purpose of gratifying the inmate's sexual desire. Forcible touching includes, but is not limited to, squeezing, grabbing, pinching and kissing. — I, II, III

**101.20 Lewd Conduct** – An inmate shall not engage in lewd conduct by intentionally masturbating in the presence of an employee, or intentionally exposing the private parts of his or her body, unless as part of a strip frisk, strip search, medical examination or other authorized purpose. — I, II, III

**101.21 Physical Contact** – An inmate shall not engage in physical contact with another inmate. Prohibited conduct includes, but — I, II

16

is not limited to, kissing, embracing or hand-holding.

**101.22 Stalking** – An inmate shall not stalk an employee, visitor or other person. Stalking includes, but is not limited to, conduct directed at a specific employee, visitor or other person where the inmate knows, or reasonably should know, that such conduct is likely to cause reasonable fear of material harm to the physical health, safety or property of such person. — I, II, III

| 102 | Threats | Tier |
|---|---|---|

**102.10 Threats** – An inmate shall not, under any circumstances, make any threat, spoken, in writing, or by gesture. — I, II, III

| 103 | Bribery and Extortion | Tier |
|---|---|---|

**103.10 Bribery/Extortion** – An inmate shall not bribe, extort, or attempt to bribe or extort any person. — II, III

**103.20 Soliciting** – An inmate shall not request or solicit goods or services from any business or any person other than an immediate family member without the — I, II

17

STATE DEF 000959

consent and approval of the facility superintendent or designee.

| 104 | Riot, Disturbances, and Demonstrations | Tier |
|---|---|---|
| 104.10 | **Rioting** – An inmate shall not conspire or take any action which is intended to or results in the takeover of any area of the facility. | II, III |
| 104.11 | **Violent Conduct** – An inmate shall not engage in any violent conduct or conduct involving the threat of violence either individually or in a group. | II, III |
| 104.12 | **Demonstration** – An inmate shall not lead, organize, participate in or urge other inmates to participate in a work-stoppage, sit-in, lock-in, or any other action which may be detrimental to the order of the facility. | II, III |
| 104.13 | **Create Disturbance** – An inmate shall not engage in conduct which disturbs the order of any part of the facility. This includes, but is not limited to, loud talking in a mess hall, program area or corridor, talking after the | I, II |

18

designated facility quiet time, playing a radio, television or tape player without a headphone or through a headphone in a loud or improper manner, or playing a musical instrument in a loud or improper manner.

| 105.10 | **Unauthorized Assembly** – An inmate shall not form a group of inmates or join an assembly of inmates without authorization. The size of the group is determined by local policy. | I, II, III |
|---|---|---|
| 105.11 | **Unauthorized Addresses** – An inmate shall not conduct a religious service or make a speech or address without authorization by the superintendent or designee. | I, II, III |
| 105.13 | **Gangs** – An inmate shall not engage in or encourage others to engage in gang activities or meetings, or display, wear, possess, distribute or use gang insignia or materials including, but not limited to, printed or handwritten gang or gang related material. | I, II, III |
| 105.14 | | I, II, III |

19

STATE DEF 000960

**UA Organizations** -- An inmate shall not engage in or encourage others to engage in unauthorized organizational activities or meetings, or possess printed or handwritten material relating to an unauthorized organization where such material advocates either expressly or by clear implication, violence based upon race, religion, sex, sexual orientation, creed, law enforcement status or violence or acts of disobedience against Department employees or that could facilitate organizational activity within the institution by an unauthorized organization.

| | | Tier |
|---|---|---|
| **106** | **Refusal to Obey a Direct Order** | |
| 106.10 | **DIRECT ORDER** – An inmate shall obey all orders of Department personnel promptly and without argument. | I, II, III |
| 106.11 | **DNA Refusal** -- An inmate shall promptly obey an order by Department personnel to provide a DNA sample. | II |

| | | Tier |
|---|---|---|
| **107** | **Interference with an Employee or Other Person** | |
| 107.10 | **Interference** – An inmate shall not physically or verbally obstruct or interfere with an employee at any time. | I, II, III |
| 107.11 | **Harrassment** – An inmate shall not harass an employee or any other person verbally or in writing. Prohibited conduct includes, but is not limited to, using insolent, abusive, or obscene language or gestures, or writing or otherwise communicating messages of a personal nature to an employee or any other person including a person who is the subject of an order of protection with the inmate or who is on the inmate's negative correspondence list. | I, II, III |
| 107.20 | **False Information** – An inmate shall not lie or provide an incomplete, misleading and/or false statement or information. | I, II |
| 107.21 | **Unauthorized Lien** -- An inmate shall not file or record any document or instrument of any description which purports to | II |

STATE DEF 000961

create a lien or record a security interest of any kind against the person or property of any officer or employee of the Department, the State of New York or the United States absent prior written authorization from the superintendent or a court order authorizing such filing.

| | | Tier |
|---|---|---|
| **108** | **Escape and Abscondence** | |
| 108.10 | **Escape** – An inmate shall not escape, attempt to escape, conspire to escape, or be an accessory to an escape from any correctional facility or correctional custody. | III |
| 108.11 | **Exceeding Limits** – An inmate shall not exceed the authorized limits of travel on any work release or furlough-type program. | II |
| 108.12 | **Exceeding Time** – An inmate shall not exceed any time limit imposed on any work release or furlough-type program. | II |
| 108.13 | **Escape Items** – An inmate shall not be in possession of any article or paraphernalia which gives reasonable grounds to believe escape is planned. | II, III |

22

| | | |
|---|---|---|
| 108.14 | **Temporary Release** – An inmate shall comply with temporary release programming rules and regulations. | I, II |
| 108.15 | **Abscondence** – An inmate shall not abscond, attempt to abscond, conspire to abscond, or be an accessory to an abscondence from temporary release from a correctional facility or correctional custody. An inmate is guilty of absconding when, as a temporary release participant, he or she intentionally fails to return at or before the time prescribed for return. | II, III |

| | | Tier |
|---|---|---|
| **109** | **Inmate Movement** | |
| 109.10 | **Out of Place** – An inmate shall not be out of place in any area of the facility. | I, II, III |
| 109.11 | **Assigned Area** – An inmate shall not leave an assigned area without authorization. | I, II |
| 109.12 | **Movement Violation** – An inmate shall follow all facility regulations and staff directions relating to movement within the facility. This includes, but is not limited to, | I, II |

23

STATE DEF 000962

seating, lock-in, lock-out, call out slip procedures, and all activities of a similar nature.

**109.13  Assigned Area** – An inmate who is on an outside work assignment, such as a community service project or outside ground detail, shall not leave his or her assigned area or communicate with members of the public without authorization.  **I, II**

**109.14  Unauthorized Religious Garment** – An inmate shall wear religious robes and garments inside their respective cell, cube or room, or at scheduled and approved religious ceremonies or services only.  **I, II**

**109.15  Refuse Double Celling** – An inmate shall accept a double-cell assignment when such an assignment is directed by facility staff.  **II, III**

**110  Inmate Identification and Grooming**  **Tier**

**110.10  No ID Card** – Unless otherwise directed, an inmate shall at all times carry his or her Departmental ID card and  **I, II**

24

promptly produce the ID at the direction of any Departmental employee.

**110.20  Tampering With ID** – An inmate shall not alter, deface, or in any other way tamper with the issued ID card. Whenever replacement is required as a result of this action, the replacement cost will be borne by the inmate. Refusal to voluntarily pay for replacement cost may result in restitution being imposed through the disciplinary process.  **I, II**

**110.21  Unauthorized ID** – An inmate shall not be in possession of any type of an identification card or identification paper other than those authorized.  **I, II**

**110.30  Unreported ID Loss** – An inmate shall report the loss of his or her ID card promptly to an employee. Reimbursement costs may be imposed.  **I, II**

**110.31  Unreported ID Change** – An inmate shall pay the cost of a replacement ID card whenever the inmate's appearance is changed as a result of a beard,  **I, II**

25

mustache, or change in hair length or color. Refusal to voluntarily pay for replacement cost may result in restitution being imposed through the disciplinary process.

**110.32 Beard/Mustache** – An inmate shall not grow a beard or mustache over one inch in length unless:    I, II

   a. the inmate has a court order restraining the Department from enforcement; or

   b. the inmate has requested and received an exemption based upon his or her membership in a religion which has an established tenet against the trimming of beards, including, but not limited to, Rastafarianism, Orthodox Judaism or Islam (Muslim).

**110.33 Unfastened Hair** – An inmate wearing hair below shoulder length shall keep his or her hair tied back in a ponytail with a barrette, rubber band, or other fastening device approved by the superintendent. Note: This rule does not apply to a Native    I, II

26

American involved in a scheduled and approved Native American cultural ceremony.

**111    Impersonation**    Tier

**111.10 Impersonation** – An inmate shall not impersonate any employee or any other person in any manner.    II, III

**111.11 Possess Employee Property** – An inmate shall not be in possession of any security key, badge, employee identification or employee clothing.    II, III

**112    Count Procedures**    Tier

**112.10 Cause Miscount** – An inmate shall not cause a miscount.    I, II, III

**112.20 Delay Count** – An inmate shall not delay the count.    I, II

**112.21 Count Violation** – An inmate shall comply with all facility count procedures.    I, II

**112.22 Obstruct Visability** – An inmate shall not obstruct visibility into his or her cell, room or cube.    I, II

27

STATE DEF 000964

| 113 | Contraband | Tier |
|---|---|---|

**113.10 Weapon** – An inmate shall not make, possess, sell or exchange any item that may be classified as a weapon or dangerous instrument by description, use or appearance. A dangerous instrument is any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing bodily harm. — II, III

**113.11 Altered Item** – An inmate shall not possess any authorized item that has been altered in any manner so as to change its original intent and/or purpose. — I, II

**113.13 Alcohol/Intoxicant** – An inmate shall not make, use, possess, sell, exchange, provide or be under the influence of any alcoholic beverage or intoxicant. Possession, sale or exchange of yeast or any other fermenting agent is prohibited. — II, III

**113.14 Unauthorized Medication** – An inmate shall not possess outdated or unauthorized types or quantities of medication, nor shall an inmate sell, exchange or provide any medication to anyone.

**113.15 Unauthorized Exchange** – An inmate shall not purchase, sell, loan, give or exchange a personally owned article without authorization. — I, II

**113.16 Unauthorized Valuable** – An inmate shall not be in possession of more than 50 stamps, money, a credit card, credit card numbers, check or unauthorized valuable or property. — I, II, III

**113.17 Unauthorized Jewelry** – An inmate shall not be in possession of jewelry other than that which is authorized by the facility. — I, II

**113.18 Unauthorized Tools** – An inmate shall not be in possession of a tool without authorization. — I, II, III

**113.19 Excess Tobacco** – An inmate shall not possess tobacco products in excess of an amount authorized by the facility. An inmate may not have more than two packages of cigarettes on his or her person other than for — I, II

28

29

STATE DEF 000965

transporting tobacco products from the commissary or package room to the housing unit for storage.

**113.20 Excess/Altered Clothing/Bedding** – An inmate shall not possess State clothing or bedding in excess of authorized issue. The altering of State-issued clothing or bedding is prohibited. An inmate shall be required to pay for State clothing or bedding that has been altered without authorization.

I, II

**113.21 Unauthorized Literature** – An inmate shall not possess literature or any other material which has not been approved by the Media Review Committee.

I, II

**113.22 Property Unauth Location** – An inmate shall not use or possess an article in an area where its use or possession is prohibited.

I, II

**113.23 Contraband** – In addition to those items of contraband specifically identified by this rule series, an inmate shall not possess <u>any</u> item unless it has been specifically authorized by

I, II, III

30

the superintendent or designee, the rules of the Department or the local rules of the facility.

**113.24 Drug Use** – An inmate shall not use or be under the influence of any narcotics or controlled substances unless prescribed by a health service provider and then only in the amount prescribed.

II, III

**113.25 Drug Possession** – An inmate shall not make, possess, sell or exchange any narcotic, narcotic paraphernalia, controlled substance or marijuana. An inmate shall not conspire with any person to introduce such items into the facility.

II, III

**113.26 Employee Information** – An inmate shall not, without written authorization of the superintendent, solicit, possess or exchange personal identifying information (e.g., Social Security number, home address, private e-mail address or personal telephone number) belonging to a person who is a present or former employee of the Department or presently or formerly employed in a Department facility, or to any

II, III

31

member of such a person's household, unless the inmate is an immediate family member of such person.

**113.27 Other Inmate Crime Info** – An inmate shall not solicit, possess or exchange any disciplinary or grievance document pertaining to another inmate, or any document which contains crime and sentence information pertaining to another inmate who is not a co-defendant, without authorization from the superintendent.

II

**113.28 Possess Facility Document** – An inmate shall not possess any description or depiction of any correctional facility, any facility post description, staffing chart or related document, any Directive with a distribution code of "D" or any corresponding topical manual or facility policy and procedure.

II, III

**113.29 Possess Poppy Seeds** – An inmate shall not possess poppy seeds or any product containing poppy seeds.

I, II

**113.30 Possess UCC Material** – An inmate shall not possess any

II

32

Uniform Commercial Code (UCC) Article 9 form including, but not limited to, any financing statement (UCC1, UCC1Ad, UCC1AP, UCC3, UCC3Ad UCC3AP, UCC1Cad), correction statement (UCC5) or information request (UCC11), whether printed, copied, typed or handwritten, or any document concerning a scheme involving an inmate's "strawman," "House Joint Resolution 192 of 1933," the "Redemption Process," "Acceptance for Value" presentments or document indicating copyright or attempted copyright of an inmate's name absent prior written authorization from the superintendent.

**114  Smuggling**                                    Tier

**114.10 Smuggling** – An inmate shall not smuggle or attempt to smuggle or solicit others to smuggle any item in or out of the facility or from one area to another.

I, II, III

33

| 115 | Searches and Frisks | Tier |
|---|---|---|
| 115.10 | **Search/Frisk** – An inmate shall comply with all frisk and search procedures. | I, II, III |

| 116 | **Destruction of, Tampering with, and Theft of Property** | Tier |
|---|---|---|
| 116.10 | **Loss/Damage Property** – An inmate shall not lose, destroy, steal, misuse, damage or waste any type of State property. | I, II, III |
| 116.11 | **Tamper with Property** – An inmate shall not alter, tamper with or attempt to repair any type of State or personal property without authorization. | I, II, III |
| 116.12 | **Counterfeiting** – An inmate shall not alter, forge or counterfeit any document. An inmate shall not distribute or be in possession of any Departmental document without authorization. | II, III |
| 116.13 | **Vandal/Stealing** – An inmate shall not steal, destroy or intentionally damage any property belonging to others or possess any stolen property. | I, II, III |

34

| 117 | **Explosion or Explosive Devices** | Tier |
|---|---|---|
| 117.10 | **Explosives** – An inmate shall not cause or attempt to cause an explosion. The possession of an explosive device, material that can be used to make an explosive device, or material which depicts or describes the construction or use of an explosive device, is prohibited. | II, III |

| 118 | **Creating a Fire, Health or Safety Hazard** | Tier |
|---|---|---|
| 118.10 | **Arson** – An inmate shall not start or attempt to start a fire unless directed to do so by facility staff. | II, III |
| 118.20 | **Tattooing** – An inmate shall not tattoo or otherwise permanently mark his or her or another's body, or allow his or her body to be tattooed or permanently marked by another. An inmate shall not be in possession of an instrument or device used for the purpose of making tattoos. | I, II, III |
| 118.21 | **Flammable Matter** – An inmate shall not create a fire, health or safety hazard in any area of the facility by improperly storing or using flammable materials or | I, II |

35

STATE DEF 000968

other property in his or her living quarters or any other area of the facility.

**118.22 Unhygienic Act** – An inmate shall not commit an unhygienic act such as spitting, urinating or defecating on the floor or any other area; propelling urine, feces, bodily fluids, water, or food; or storing urine, feces or bodily fluids.     I, II, III

**118.23 Unreported Illness** -- An inmate shall promptly report illness or injury to a facility employee.     I, II

**118.24 Safety Violation** – An inmate shall follow posted safety regulations.     I, II

**118.25 Littering** -- An inmate shall not litter in any area of the facility.     I, II

**118.30 Untidy** – An inmate shall maintain the cleanliness and orderliness of his or her living quarters, clothing and person.     I, II

**118.31 Tamper with Electrical** – An inmate shall not alter, rewire, tamper or attempt to repair electrical outlets or any electrical device.     I, II

36

**118.32 Fire Drill Violation** – An inmate shall participate in a fire drill or fire alarm in a prompt and orderly fashion.     I, II

**118.33 Flooding** – An inmate shall not intentionally cause flooding in his or her housing area or other part of the facility.     I, II, III

**119 False Alarms**     **Tier**

**119.10 False Alarm** – An inmate shall not make a false report of a fire, emergency, disturbance or other threat to the safety of a facility.     II, III

**119.11 Fire Extinguisher** – An inmate shall not tamper with any fire or extinguishing device unless authorized by a facility staff member.     I, II, III

**120 Gambling**     **Tier**

**120.20 Gambling** – An inmate shall not engage in any form of gambling, betting or wagering, or be in possession of gambling paraphernalia.     I, II, III

**120.21 Lottery** – An inmate shall not possess lottery tickets or participate in a lottery.     I, II

37

STATE DEF 000969

**121    Abuse of Telephone Privileges**    Tier

**121.10    Call Employee** – An inmate shall    I, II
not communicate by telephone with any Department employee without the authorization of the superintendent or designee.

**121.11    Unauthorized Call** – An inmate    I, II, III
shall not engage in a telephone call to a telephone number which has been connected through call-forwarding or a call-forwarding service. Telephone calls and telephone conversations shall be restricted to the telephone number dialed or otherwise placed by or for the inmate. Telephone call-forwarding, the use of a call forwarding service or other third-party phone call function, and the use of a credit card to place a call are prohibited.

**121.12    Phone Violation** -- An inmate    I, II, III
shall comply with and follow the guidelines and instructions given by the staff regarding facility telephone programs pursuant to the requirements of Departmental Directive No. 4423 (7 NYCRR Part 723).

38

**121.13    Unauthorized Phone Use** -- An    I, II, III
inmate shall not use facility telephones without the authorization of facility staff. An inmate in an outside work gang or other type of supervised community project shall not use an outside telephone without the authorization of facility staff.

**121.14    Exchanging PINS** – An inmate    I, II
shall not exchange a personal identification number (PIN), or use the PIN of another inmate without the authorization of the superintendent or designee.

**122    Smoking**    Tier

**122.10    Smoking** – An inmate may only    I, II
smoke outdoors in designated areas.

**124    Mess Hall or Dining Areas**    Tier

**124.10    Mess Hall Container** – An    I, II
inmate shall not bring a container into the mess hall without the authorization of facility staff.

**124.11    Food Into Mess Hall** – An inmate    I, II
shall not bring food items into the mess hall.

39

STATE DEF 000970

124.12 **Utensils** – An inmate shall take all silverware or plasticware offered on the mess hall line and dispose of such items in accordance with facility policy.    I, II

124.13 **Meal Absence** -- An inmate shall attend all mandatory meals as designated by facility policy.    I, II

124.14 **Headwear in Mess Hall** – An inmate shall not wear a hat, cap or hairnet into the mess hall. This rule does not apply to approved religious headwear.    I, II

124.15 **Wasting Food** – An inmate shall not waste food items.    I, II

124.16 **Mess Hall Violation** – An inmate shall comply with mess hall serving and seating policies.    I, II

180  **Miscellaneous Rules and Regulations**    Tier

180.10 **Facility Visiting** – An inmate shall comply with and follow the guidelines and instructions given by staff regarding facility visiting procedures pursuant to the requirements of Departmental Directive No. 4403 (7 NYCRR Chapter IV).    I, II, III

40

180.11 **Facility Correspondence** – An inmate shall comply with and follow the guidelines and instructions given by staff regarding facility correspondence procedures pursuant to requirements of Departmental Directive Nos. 4421 and 4422 (7 NYCRR Parts 720 and 721).    I, II, III

180.12 **Facility Packages** – An inmate shall comply with and follow the guidelines and instructions given by staff regarding facility package procedures pursuant to the requirements of Departmental Directive No. 4911 (7 NYCRR Part 724).    I, II, III

180.13 **Family Reunion** – An inmate shall comply with and follow the guidelines and instructions given by staff regarding Family Reunion Program pursuant to the requirements of Departmental Directive No. 4500 (7 NYCRR Part 220).    I, II, III

180.14 **Urinalysis Test** – An inmate shall comply with and follow the guidelines and instructions given by staff regarding urinalysis    I, II, III

41

testing pursuant to the requirements of Departmental Directive No. 4937 (7 NYCRR Part 1020). This includes providing a urine sample when ordered to do so.

**180.16 Sunglasses Unauthorized** – An inmate may only wear sunglasses when out-of-doors. Sunglasses shall be removed when entering buildings. Sunglasses with reflector or mirrored lenses are prohibited. Medically prescribed photo-ray sunglasses may be worn indoors.    I, II

**180.17 Unauthorized Legal** – An inmate may not provide legal assistance to another inmate without prior approval of the superintendent or designee. An inmate shall not receive any form of compensation for providing legal assistance.    I, II

**180.18 Program Committee** – An inmate shall accept a program assignment in accordance with established facility program committee procedures.    II, III

42

**180.19 Alcohol Testing** – An inmate shall comply with and follow the guidelines and instructions given by staff regarding alcohol screening tests. This includes providing a urine sample or taking a field test when ordered to do so.    I, II, III

**181    Disciplinary Hearings**    Tier

**181.10 Hearing Disposition** – An inmate shall comply with the disposition imposed by a hearing officer in a Tier I, Tier II or Tier III hearing.    I, II, III

43

STATE DEF 000972